MEEKER ET AL. v. SCUDDER ET AL.

*Constitutional law—State Medical Board—Regulation of limited practitioners—Sections 1274-1 et seq., General Code—Powers not transferred by Administrative Code—Remedies—Injunction or mandamus—Performance or nonperformance of public duties.*

1. Sections 1274-1 to 1274-7, General Code, as enacted in 106 Ohio Laws, 202-204, regulating the practice of limited branches of medicine and surgery, are valid and constitutional. (*Williams* v. *Scudder*, 102 Ohio St., 305, approved and followed.)

2. The act of the General Assembly passed April 19, 1921 (109 O. L., 105), commonly known as the reorganization law, did not transfer to the director of education the powers and jurisdiction of the state medical department, relative to the practice of limited branches of medicine and surgery.

3. An injunction will not lie against a public board or officer to restrain certain acts on the part of such board or officer until they have performed their duties required by law. If such board or officer has failed to discharge a lawful duty, the remedy to secure performance is mandamus.

(Decided December 18, 1922.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Smith W. Bennett* and *Mr. Province M. Pogue,* for plaintiffs.

*Mr. John G. Price,* attorney general; *Mr. John M. Parks* and *Mr. Ray Martin,* for defendants.

CUSHING, J. This case is heard on appeal from the court of common pleas of Hamilton county, where plaintiffs filed a petition, defendants answered, and plaintiffs demurred to the answer.

The court below dismissed the petition, and entered judgment for costs against plaintiffs.

One question presented is the jurisdiction of this court to hear the cause.

The petition recites that Sections 1274-2 and 1274-3, General Code, provide for an examination of persons desiring to practice any limited branch of medicine; that Section 1274-1 defines chiropractic; and that the State Medical Board of Ohio has assumed jurisdiction over said business and the conduct of examinations for all applicants to practice chiropractics. The petition charges that such board has failed and refused to call to its aid persons of established reputation, skilled in the business, to assist in the conduct of the examinations; that the defendants have denied to plaintiffs the right to have an examination; and that the defendants, acting as such medical board, have demanded that examinations be taken, and, if not taken, that plaintiffs will be subject to prosecution and penalties provided in Sections 12694 and 13423, General Code.

Plaintiffs' petition further states that the so-called reorganization law of Ohio, passed by the General Assembly April 19, 1921, provides (Section 154-46, General Code) that the State Medical Board be made a part of and placed under the jurisdiction and control of the Department of Education; that the powers of such board are thereby vested in the Director of Education; and that the Director of Education has not complied with the provisions of the law and has failed and refused to perform the duties therein specified. The petition recites the particulars in which the director has failed so to do, and wherein he has been

guilty of dereliction in office, and states that be-
cause of the failure of such director to perform
his duties neither such director nor such medical
board has jurisdiction to proceed with such ex-
aminations; that the members of the State Medi-
cal Board by unreasonable, arbitrary and capric-
ious acts and conduct have and will continue to
harass and oppress plaintiffs, and subject them
to the penalties provided by law, aforesaid; and
that it would be without effect for them to present
to the State Medical Board for any purpose di-
plomas or certificates from schools, colleges or in-
stitutions teaching chiropractics, until such medical
board has complied with the statutory laws of
Ohio.

Plaintiffs then pray that the defendants, naming
them, be enjoined and restrained from attempting
to exercise any jurisdiction or control over them,
or others on behalf of whom this action is prose-
cuted, in carrying on their business of chiropractic,
until the defendants, as members of such board and
as Director of Education, have performed the
duties imposed on them by law; that they be en-
joined from demanding that plaintiffs take the
examination provided by law, and from entering
on the record of the said State Medical Board any
order, direction or requirement that they be ar-
rested or prosecuted according to the provisions
of the statute; and that a permanent order of
injunction issue.

The defendants for answer pleaded the law of
the state of Ohio, passed April 27, 1915 (106 O.
L., 202, 204), now Sections 1274-1 to 1274-7, Gener-
al Code; that they as members of the State Medi-
cal Board have complied with the requirements of

the law; that there was and is a state association of chiropractors and that they requested such association to recommend persons to be designated by the board to assist in such examinations, as required by law; and that such association neglected, failed and refused to make such recommendation, and has and does deny the authority and jurisdiction of the State Medical Board to examine any chiropractor, or to in any manner regulate the practice of chiropractic.

It is not necessary to state the other claims of the parties. The plaintiffs demurred to the answer.

The statute requires that those desiring to engage in any limited branch of medicine shall be required to take examinations as provided in the act. The law in question was before the Supreme Court of Ohio in the case of *Williams* v. *Scudder*, 102 Ohio St., 305, where it was held to be constitutional and a valid exercise of the legislative power. The plaintiffs were not satisfied with the determination of the Supreme Court of Ohio, and applied to the Supreme Court of the United States for leave to file a petition in error in that court. That was case No. 352, *Williams et al.* v. *Scudder et al.*, 258 U. S., 607, error to the Supreme Court of the State of Ohio. The application was dismissed for want of jurisdiction, upon the authority of the cases cited in the *per curiam* opinion of the Supreme Court of the United States. These decisions settle the question as to the constitutionality of the law and the powers of the medical board.

Plaintiffs claim that under the so-called reorganization law, passed by the General Assembly April 19, 1921, the jurisdiction over this subject

was transferred to the Director of Education. It is only necessary to call attention to the provisions of that act to refute this contention. It provides (Section 154-46, General Code):

"The following boards and committees shall be attached to the department of education.

"The state board of accountancy, the state medical board, the nurses examining committee, the state board of optometry, the state board of pharmacy, the state dental board and the state board of embalming examiners.

"Such boards and their officers shall continue to exercise their functions as heretofore. It shall be the duty of the department of education to recommend standards as to preliminary education; to recommend methods of determining the standard of professional schools and colleges; to recommend methods of conducting examinations and hearings; and to recommend methods of enforcing the laws which they are respectively required to administer. Such boards are hereby severally authorized to delegate to the department of education any of the powers or duties in them vested by law with respect to the matters and things concerning which the department is herein directed to make recommendations; and the department of education is hereby authorized and required to exercise any such power or perform any such duty so delegated with like effect in law as if the same had been exercised by the board so delegating such power. Nothing in this chapter shall be so construed or applied as to compel the delegation of any such powers or duties."

The demurrer of plaintiffs searches the record. The most that can be said for the claim of

plaintiffs is that they ask an injunction until the members of the State Medical Board and the Director of Education shall perform the duties required by law. An injunction will not lie in such a case. If any board or officer fails to discharge a lawful requirement, the action to secure such performance should be mandamus. If the real contention of the plaintiffs is that they are not subject to examinations, or to the rules and directions of the State Medical Board, the answer is that that question is settled in the case of *Williams* v. *Scudder, supra.* Therefore, the injunction will be refused, and the action dismissed at plaintiffs' costs.

*Petition dismissed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.